[No. 21186.   Department One.   August 8, 1928.]

BURTON-PAGE COMPANY, *Appellant*, v. CURTIS ANDERSON, *Respondent*.[1]

[1] APPEAL (366)—REVIEW—WHERE FACTS ARE NOT DISPUTED. In the absence of any claim of error in the proceedings, the verdict of the jury upon evidence abundantly supporting the finding is conclusive and leaves nothing to review on appeal.

Appeal from a judgment of the superior court for Clark county, Simpson, J., entered November 5, 1927, upon the verdict of a jury rendered in favor of the defendant, in an action on contract. Affirmed.

*Miller, Wilkinson & Miller*, for appellant.

*McMaster, Hall & Schaefer*, for respondent.

FRENCH, J.—The appellant is a corporation having its headquarters in Chicago, and is engaged in the business of selling milking machines. Respondent is a dairyman, located near LaCenter, in southwestern Washington. Early in the fall of 1925, respondent gave the local agent of appellant an order for a milking machine, paying twenty-five dollars cash, and giving an

[1]Reported in 269 Pac. 817.

installment note dated November 1, 1925, covering the balance of the purchase price. The order provided for delivery of the machine at "LaCenter, Brown's Truck." At the same time and as a part of the same transaction, respondent was, by written agreement, appointed as demonstrator for the milking machine with an agreement for certain cash and credit commissions on all sales made by the company's local salesman to customers to whom respondent demonstrated the machine, or whose names were furnished by the demonstrator. Thereafter the milking machine was shipped to Woodland, some five miles distant from LaCenter, and sight draft with bill of lading attached for approximately ten dollars more than the agreed amount was sent to the bank at LaCenter. This sight draft was never paid. Prior to the shipping of the machine by appellant, the local agent for the appellant had either been discharged or quit, and the respondent had by letter countermanded his order because the machine had not been delivered, and for the further reason that, there being no local agent to handle the sales, the demonstration contract became of no value.

Action was brought by appellant to recover on the installment note, and two defenses were pleaded: failure of delivery, and the breach of the demonstration contract because of the fact that there was no local agent.

Thereafter the cause came on for trial before the court with a jury; evidence was introduced on behalf of both the appellant and respondent. There is abundant testimony in the record indicating that the milking machine was never delivered as contemplated by the contract between the parties, or at all, except as above indicated. There is also abundant evidence in the record indicating that the sight draft here in question was drawn for an amount greater than pro-

vided for by the agreement of the parties. No demurrer or motion was addressed to the affirmative defenses of respondent; and no exceptions taken to the introduction of testimony in support of the affirmative defenses. The jury were instructed by the trial court in accordance with the pleadings and the evidence, and no exceptions appear to have been taken to any of the instructions. The jury returned a verdict in favor of respondent.

[2] There being no objections to the admission or rejection of testimony, no offers of proof found in the record, no application to the trial court for a directed verdict; no exceptions to the instructions as shown by the record, both appellant and respondent apparently consenting that the cause should be tried on the pleadings as prepared and filed, and on the evidence as submitted without objection, and by its verdict the jury having resolved all facts in favor of the respondent, there is nothing for this court to review.

Judgment affirmed.

FULLERTON, C. J., PARKER, MITCHELL, and TOLMAN, JJ., concur.